# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

ANIBAL SAN ANTONIO,

      **Plaintiff,**

v.                               **Case No. 3:13cv528/RV/CJK**

MARK HENRY, et al.,

      **Defendants.**

_____/

## ORDER and
## REPORT AND RECOMMENDATION

      This cause is before the Court upon defendants Henry, Subsavage and Shipman's ("the removing defendants") removal of this case, under 28 U.S.C. § 1441(a), from the Circuit Court for Santa Rosa County, Florida, Case No. 2012-CA-1582. (Docs. 1, 3). Plaintiff moves to remand this action to the state court. (Doc. 6). The removing defendants have responded in opposition to remand. (Doc. 8). Also pending is plaintiff's motion for appointment of counsel. (Doc. 7). Upon review of the record, the parties' submissions and the relevant law, the undersigned concludes that plaintiff's motions to remand and for appointment of counsel should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections ("DOC") currently confined at Santa Rosa Correctional Institution. On August 26, 2013, plaintiff filed a civil complaint in the Circuit Court for Santa Rosa County, Florida. (Doc. 3, Ex. B, Compl.). Plaintiff filed the complaint under Santa Rosa County Circuit Court Case No. 2012-CA-1582, which was the case number associated with a petition for writ of mandamus plaintiff filed on November 26, 2012. The mandamus petition was dismissed without prejudice on June 28, 2013, "to allow Plaintiff to amend his pleading into a civil complaint." (Doc. 3, p. 1 n.1; Doc. 6, Attach.). Plaintiff's complaint names four defendants, all prison officials at Blackwater River Correctional Facility: Warden Mark Henry, Programs Warden Richard Subsavage, Head Classification Officer Jason Crockett and Senior Chaplain Mark Shipman. (Doc. 3, Ex. B, Compl. at 1, 2 ¶¶ 5-8). The defendants are sued in their individual and official capacities. (*Id*.).

The jurisdictional statement provided in plaintiff's complaint states that plaintiff's action "is brought pursuant to the Florida Tort Claims Act, section 768.28, Fla. Stat. (2013)." (*Id*., Ex. B, Compl. at p. 1 ¶ 1). Plaintiff's factual allegations are that on April 5, 2012, defendant Shipman removed plaintiff, involuntarily, from the Faith and Character Based Dormitory, in violation of plaintiff's rights under Fla. Stat. § 944.803(4)(d) and Florida Department of Corrections' Procedure 506.033(8)(a). (Doc. 3, Ex. B, Compl. at 3 ¶¶ 19-20). Plaintiff alleges that he grieved the incident by filing an informal grievance with defendant Shipman, and that he was retaliated against for filing the grievance by: (1) defendant Crockett removing plaintiff from his job in the prison law library, (*id*. at 4 ¶¶ 22-26; id. at 9 ¶ 45); (2) defendant

Crockett harassing plaintiff on August 1, 2012, and August 8, 2012, by "berating" him, (*id*. at 4-5 ¶¶ 28, 30); and (3) defendant Subsavage harassing plaintiff on August 8, 2012, by standing behind plaintiff in the law library as plaintiff prepared his legal documents, and then compelling plaintiff to allow Subsavage to read the documents (*id*. at 5 ¶ 29).

Plaintiff's factual allegations are followed by his claims for relief, which are presented in the form of elements of a Florida negligence claim.[1]  Plaintiff alleges as to each defendant that state law (DOC rules and procedures) created a legal duty for that defendant to conform to a certain standard of conduct.  (Ex. B, Compl. at 5 ¶¶ 31-35).  Plaintiff then alleges how each defendant allegedly breached his duty of care: defendant Henry failed to ensure his subordinates were familiar with DOC rules and regulations; defendants Subsavage and Crockett retaliated against plaintiff for plaintiff's exercising his rights under the Florida Constitution and the First Amendment of the United States Constitution; and defendant Shipman removed plaintiff from the Faith and Character Based Dormitory because of plaintiff's job assignment.  (*Id*. at 7-8 ¶¶ 36-39).  Plaintiff alleges that as a proximate result of the defendants' conduct, he suffered injury in the form of violation of his rights under the First Amendment of the United States Constitution, the Florida Constitution and the Religious Land Use and Institutionalized Person Act (RLUIPA), 42 U.S.C. § 2000cc et seq.  (*Id*. at 8-9 ¶¶ 41-44).

---

[1]Under Florida law, a plaintiff must prove the following elements to recover on a claim for negligence:  "(1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) an injury to the plaintiff that was legally caused by the defendant's breach; and (4) damages as a result of the injury."  *Sorel v. Koonce*, 53 So. 3d 1225, 1227 (Fla. 1st DCA 2011) (citations omitted).

Plaintiff's prayer for relief seeks a declaratory judgment that each of the defendant's acts constituted "ministerial neglect" under FDOC rules, and that defendants Shipman's, Crockett's and Subsavage's acts violated plaintiff's rights under the First Amendment of the United States Constitution, the Florida Constitution and, in the case of defendant Shipman, RLUIPA. (*Id*. at 9-10 ¶¶ A). Plaintiff also requests injunctive relief (immediate placement in the Faith and Character Based Dormitory, immediate assignment to a law clerk position and immediate termination of the harassment and reprisal), as well as an award of compensatory damages and punitive damages, "jointly and/or severally" against the defendants, for violating plaintiff's rights under the United States Constitution, RLUIPA, the Florida Constitution and DOC rules and procedures. (*Id*. at 9-10 ¶¶ B, C, D).

Defendants Henry, Subsavage and Shipman removed the case to this Court on the basis of federal question jurisdiction, asserting that federal question jurisdiction exists over plaintiff's claimed violations of his rights under the United States Constitution and RLUIPA. (Doc. 1). The parties agree that defendant Crockett had not been served at the time of removal. (See Doc. 6, p. 1 ¶; Doc. 8, p. 1 and n.1). Plaintiff makes two arguments in support of his motion to remand to the state court. First, plaintiff argues that defendants' removal was procedurally defective because defendant Crockett has not been served and, correspondingly, has not consented to removal. (Doc. 6, p. 1 ¶ 1). Second, plaintiff argues that this Court does not have subject matter jurisdiction over this case because his complaint was filed pursuant to the Florida Tort Claims Act, his claims arise from defendants' violation of Florida statutes, the Florida Administrative Code and DOC procedures, and his allegations that his rights under the United States Constitution and RLUIPA were violated do not

attempt to state a federal cause of action but simply support elements of his state law claims. (*Id.*, pp. 3-5 ¶ 3).

THE NOTICE OF REMOVAL WAS PROCEDURALLY PROPER

There is no merit to plaintiff's argument that removal was improper because defendant Crockett did not consent to it. Defendants intending to remove actions to federal court must file a notice of removal within thirty days after the defendant receives a copy of the complaint through service or otherwise. 28 U.S.C. § 1446(b)(1). For removal to be proper in cases with multiple defendants, each defendant must consent to removal. *Chicago, Rock Island & Pac. Ry. Co. v. Martin*, 178 U.S. 245, 247-48, 20 S. Ct. 854, 44 L. Ed. 1055 (1900). The requirement that there be unanimity of consent in removal cases with multiple defendants does <u>not</u> require consent of defendants who have not been properly served. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants <u>who have been properly joined and served</u> must join in or consent to the removal of the action.") (emphasis added); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (holding that formal service of process is required to trigger § 1446(b)'s removal requirements); *Bailey v. Janssen Pharm. Inc.*, 536 F.3d 1202, 1208 (11th Cir. 2008) ("[A] defendant has no obligation to participate in any removal procedure prior to his receipt of formal service of judicial process."); *see also, e.g., Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011) ("There is no merit to [plaintiff's] argument that removal was improper because [defendant] Kear did not consent to it. The requirement that there be unanimity of consent in removal cases with multiple defendants does not require consent of defendants who have not been properly served." (*citing Bailey, supra*));

*P. P. Farmers' Elevator Co. v. Farmers Elevator Mut. Ins. Co.*, 395 F.2d 546, 547-48 (7th Cir. 1968) (holding that defendant in action commenced in state court need not join in effective petition for removal of case to federal court if that defendant had not been served with the state court summons). As there is no dispute that defendant Crockett had not been served at the time of removal, his consent was not necessary.

## THIS COURT HAS FEDERAL QUESTION JURISDICTION

A defendant has the right to remove to federal court an action brought in state court where the federal court has original subject matter jurisdiction, including "federal question" jurisdiction. 28 U.S.C. § 1441(a). When the plaintiff moves to remand a removed case for lack of subject matter jurisdiction, the defendant bears the burden of establishing federal subject matter jurisdiction exists. *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) ("A removing defendant bears the burden of proving proper federal jurisdiction."). "Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008) (*citing Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)). The Court must restrict itself to "the plaintiff's pleading, which controls." *American Fire and Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S. Ct. 534, 540, 95 L. Ed. 702 (1950); *Adventure Outdoors*, 552 F. 3d at 1295 ("In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone.").

The Eleventh Circuit has explained that:

> Federal question jurisdiction exists if the plaintiff's suit arises under the Constitution, treaties or laws of the United States. In general, a case arises under federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim.

*Pacheco de Perez v. A T & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) (internal citation and quotation marks omitted).  If any "cause of action" set forth in the complaint comes within the original jurisdiction of the federal courts, removal is proper as to the whole case.  *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 13, 103 S. Ct. 2841, 77 L. Ed 2d 420 (1983).

The plaintiff is "master of the claim" and can avoid invoking federal jurisdiction by pleading solely state law claims.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  While "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint[,]" *Franchise Tax Bd.*, 463 U.S. at 22, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986).  If the "'law that creates the cause of action' is state law, . . . original federal jurisdiction is unavailable unless it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims, or that one or the other claims is 'really' one of federal law." *Franchise Tax Bd.*, 463 U.S. at 13.

Here, plaintiff's jurisdictional statement asserts that plaintiff's complaint pleads a single cause of action – negligence predicated on the Florida Tort Claims Act, Fla. Stat. § 768.28.  Plaintiff reiterates this position in his motion to remand and argues that to the extent federal law is mentioned in his complaint, it is only to support the elements of his negligence claim.  Plaintiff's jurisdictional statement, by itself, does not mean that plaintiff's case is a state cause of action, because Fla. Stat. § 768.28 does not create a cause of action against any of the defendants plaintiff is suing.  *See*

Fla. Stat. § 768.28(9)(a) (barring the naming of a governmental employee as a party defendant in a tort action alleging only ordinary negligence); Fla. Stat. § 768.28(1) (providing that the exclusive remedy for the ordinary negligence of a governmental employee is a tort action under § 768.28 against the governmental entity for which the employee works). Plaintiff does not name as a party defendant even a single defendant amenable to suit under Fla. Stat. § 768.28. Plaintiff's care in alleging that his injuries occurred due to negligence signifies that no state cause of action exists under the statute, because claims against individuals, state agents, or employees exist only where the defendant is alleged to have engaged in acts which exceed the standard of bare negligence. "No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property." Fla. Stat. § 768.28(9)(a).

Moreover, reviewing the allegations favorably to plaintiff, the complaint does not allege at all a cause of action that could be brought under § 768.28. By its terms, the statute is a limited waiver of sovereign immunity, and allows suit only "if a private person would be liable to the plaintiff under the laws of this state. . ." Fla. Stat § 768.28(1). Plaintiff's claim that his right to free exercise of religion has been violated is not a claim for which a private person could be liable. Stated otherwise, claims under the Free Exercise Clause of the First Amendment, as well as under RLUIPA, are available only where the wrongdoer is a "state actor." *See Schiavo ex*

*rel. Schindler v. Schiavo*, 357 F. Supp. 2d 1378, 1388 (M. D. Fla. 2005) (holding that in order to succeed on Free Exercise and RLUIPA claims, "Plaintiffs must establish that the Defendants were state actors.") Accordingly, because a private person cannot be liable for the acts complained of, no cause of action could exist under the Florida statute relied upon by plaintiff. By default, then, the complaint raises allegations of deprivation of a right protected by federal law, or the Constitution.

The Court has, nevertheless, further reviewed plaintiff's complaint to determine what law, state or federal, created any of the plaintiff's claims for relief, and concludes that federal law creates at least a portion of plaintiff's claims justifying federal question jurisdiction. The result is the same. Plaintiff asserts that defendant Shipman improperly removed him from the faith-based dormitory based on plaintiff's job assignment, and that defendants Subsavage and Crockett retaliated against plaintiff for grieving the incident by harassing him and by Crockett removing him from his job as an inmate law clerk, all in violation of plaintiff's rights under the United States Constitution and RLUIPA (as well as state law). Plaintiff labels the defendants' conduct "negligent or wrongful", but his descriptions of their actions is that it was knowing. Plaintiff's complaint seeks damages against the defendants in their individual capacities for their deprivation of plaintiff's federal (and state) rights. Plaintiff's complaint also seeks injunctive relief, and a declaration that defendants "violated Plaintiff's rights under the Free Exercise of Religion of the First Amendment of the United States Constitution . . . and under RLUIPA" and "violated Plaintiff's right . . . protected by the First Amendment of the United States Constitution", as well as state law. (Doc. 3, Ex. B, Compl. at 9-10 ¶ A). At least some of the legal questions to be resolved in the complaint, then, are whether the

defendants violated plaintiff federal rights – questions of federal law.

Title 42 United States Code § 1983 creates a private cause of action for damages against a person acting under color of state law when that actor deprives the plaintiff of a federal right. *See Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). RLUIPA creates an express private cause of action for injunctive and declaratory relief against the government, which includes "States, counties, municipalities, their instrumentalities and officers, and persons acting under color of state law". *See Sossamon v. Texas*, — U.S. —, 131 S. Ct. 1651, 1656, 179 L. Ed. 2d 700 (2011). Although negligence does not provide a basis for liability under 42 U.S.C. § 1983, knowingly depriving a person of a federal right does. Because plaintiff's complaint sets forth at least one cause of action that comes within the original jurisdiction of the federal courts, removal is proper as to the whole case.

## PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff moves the Court to appoint him counsel, asserting that "[t]his is a civil rights case filed under section 768.28, Fla. Stat. by a state prisoner and asserting claims of violations of both the Florida and United States Constitutional Rights, Florida Department of Correction (FDOC) Procedure, Florida Statutes, RLUIPA, 42 U.S.C.S. section 2000cc-1 et seq., and various rules of the Florida Administrative Code." (Doc. 7, p. 1). Plaintiff alleges in support of his motion that the number of claims and defendants makes this case factually and legally complex. (*Id*., pp. 2, 3). Plaintiff also alleges that he was transferred from Blackwater River Correctional Facility on September 10, 2013, and that his transfer limits his ability to investigate his case. Plaintiff asserts that the existence of credibility issues, as well as his lack of legal training, also support the appointment of counsel. (*Id*., p. 3).

"Prisoners raising civil rights claims . . . have no absolute constitutional right to counsel." *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993). A district court has discretionary authority, under 28 U.S.C. § 1915(e)(1), to appoint counsel for indigent litigants in civil cases. *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999); *Killian v. Holt*, 166 F.3d 1156 (11th Cir. 1999). "Appointment of counsel in civil cases is . . . a privilege justified only by exceptional circumstances, such as the presence of facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner." *Kilgo*, 983 F.2d at 193 (quotations and citation omitted) (brackets in original); *see also Holt v. Ford,* 862 F.2d 850 (11th Cir. 1989). An additional consideration is "whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court." *Kilgo*, 983 F.2d at 193. The Fifth Circuit summarized the limited circumstances meriting the appointment of counsel in a civil case:

> A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). "The existence of such circumstances will turn on the quality of two basic factors–the type and complexity of the case, and the abilities of the individual bringing it." *Id.* at 266 (footnote omitted).

*Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261 (5th Cir. 1986).

Plaintiff has not shown exceptional circumstances meriting the appointment of counsel at this time. The legal issues in this case have been settled in previous cases, and the facts do not appear to be complex. The pleadings filed thus far by plaintiff suggest he has an ability to communicate his allegations and litigate his case as well as that of the average *pro se* litigant. If in the future it appears otherwise, plaintiff can then raise the issue for further consideration.

Accordingly, it is ORDERED:

Plaintiff's motion for appointment of counsel (doc. 7) is DENIED without prejudice.

And it is respectfully RECOMMENDED:

1.  That plaintiff's motion to remand (doc. 6) be DENIED.

2.  That this case be returned to the undersigned for further pre-trial proceedings, including the issuance of a report and recommendation on defendants Henry, Shipman and Subsavage's motion to dismiss (doc. 4).

At Pensacola, Florida this 4th day of November, 2013.


*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).