# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**ANIBAL SAN ANTONIO,**

      **Plaintiff,**

**v.**                                   **Case No. 3:13cv528/RV/CJK**

**MARK HENRY, et al.,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

This prisoner case, removed from state court under 28 U.S.C. § 1441(a), is before the court upon defendants' Motion to Dismiss with Prejudice. (Doc. 4). Plaintiff has not responded to the motion, although provided the opportunity to do so. (Doc. 5). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C). After careful consideration, the court concludes that this case should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections ("DOC") currently confined at Santa Rosa Correctional Institution. On August 26, 2013, plaintiff filed a civil complaint in the Circuit Court for Santa Rosa County, Florida. (Doc. 3, Ex. B, Compl.). Plaintiff filed the complaint under Santa Rosa County Circuit Court Case No. 2012-CA-1582, which was the case number associated with

a petition for writ of mandamus plaintiff filed on November 26, 2012. The mandamus petition was dismissed without prejudice on June 28, 2013, "to allow Plaintiff to amend his pleading into a civil complaint." (Doc. 3, p. 1 n.1; Doc. 6, Attach.). Plaintiff filed a civil complaint on August 26, 2013, naming four defendants, all prison officials at Blackwater River Correctional Facility: Warden Mark Henry, Programs Warden Richard Subsavage, Head Classification Officer Jason Crockett and Senior Chaplain Mark Shipman. (Doc. 3, Ex. B, Compl. at 1, 2 ¶¶ 5-8). The defendants are sued in their individual and official capacities. (*Id*.).

The jurisdictional statement provided in plaintiff's complaint states that plaintiff's action "is brought pursuant to the Florida Tort Claims Act, section 768.28, Fla. Stat. (2013)." (*Id*., Ex. B, Compl. at p. 1 ¶ 1). Plaintiff's factual allegations are that on April 5, 2012, defendant Shipman removed plaintiff, involuntarily, from the Faith and Character Based Dormitory, in violation of plaintiff's rights under Fla. Stat. § 944.803(4)(d) and Florida Department of Corrections' Procedure 506.033(8)(a). (Doc. 3, Ex. B, Compl. at 3 ¶¶ 19-20). Plaintiff alleges that he grieved the incident by filing an informal grievance with defendant Shipman, and that he was retaliated against for filing the grievance by: (1) defendant Crockett removing plaintiff from his job in the prison law library, (*id*. at 4 ¶¶ 22-26; id. at 9 ¶ 45); (2) defendant Crockett harassing plaintiff on August 1, 2012, and August 8, 2012, by "berating" him, (*id*. at 4-5 ¶¶ 28, 30); and (3) defendant Subsavage harassing plaintiff on August 8, 2012, by standing behind plaintiff in the law library as plaintiff prepared his legal documents and then compelling plaintiff to allow Subsavage to read the documents (*id*. at 5 ¶ 29).

Plaintiff's factual allegations are followed by his claims for relief, which are presented in the form of elements of a Florida negligence claim.[1] Plaintiff alleges as to each defendant that state law (DOC rules and procedures) created a legal duty for that defendant to conform to a certain standard of conduct. (Ex. B, Compl. at 5 ¶¶ 31-35). Plaintiff then alleges how each defendant allegedly breached his duty of care: defendant Henry failed to ensure his subordinates were familiar with DOC rules and regulations; defendants Subsavage and Crockett retaliated against plaintiff for exercising his rights under the Florida Constitution and the First Amendment of the United States Constitution; and defendant Shipman removed plaintiff from the Faith and Character Based Dormitory because of plaintiff's job assignment. (*Id*. at 7-8 ¶¶ 36-39). Plaintiff alleges that as a result of the defendants' conduct, he suffered injury in the form of violation of his rights under the First Amendment of the United States Constitution, the Florida Constitution and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq*. (*Id*. at 8-9 ¶¶ 41-44).

Plaintiff's prayer for relief seeks a declaratory judgment that each defendant's acts constituted "ministerial neglect" under FDOC rules, and that defendants Shipman's, Crockett's and Subsavage's acts violated plaintiff's rights under the First Amendment of the United States Constitution, the Florida Constitution and, in the case of defendant Shipman, RLUIPA. (*Id*. at 9-10 ¶¶ A). Plaintiff also requests injunctive relief (immediate placement in the Faith and Character Based Dormitory,

---

[1] Under Florida law, a plaintiff must prove the following elements to recover on a claim for negligence: "(1) a legal duty owed by the defendant to the plaintiff; (2) a breach of that duty by the defendant; (3) an injury to the plaintiff that was legally caused by the defendant's breach; and (4) damages as a result of the injury." *Sorel v. Koonce*, 53 So. 3d 1225, 1227 (Fla. 1st DCA 2011) (citations omitted).

immediate assignment to a law clerk position and immediate termination of the harassment and reprisal), as well as an award of compensatory damages and punitive damages, "jointly and/or severally" against the defendants, for violating plaintiff's rights under the United States Constitution, RLUIPA, the Florida Constitution and DOC rules and procedures. (*Id*. at 9-10 ¶¶ B, C, D).

Defendants removed the case to this court on the basis that federal question jurisdiction existed over plaintiff's claimed violations of his rights under the United States Constitution and RLUIPA. (Doc. 1). Plaintiff filed a motion to remand, arguing that federal subject matter jurisdiction did not exist because his complaint asserted only state law negligence claims under the Florida Tort Claims Act, Fla. Stat. § 768.28. (Doc. 6). The court rejected plaintiff's argument and denied his motion to remand, finding that no cause of action exists under the Florida Tort Claims Act for any of the claims plaintiff asserts, and that, in actuality, plaintiff was seeking redress under both state law (for alleged violation of his rights under the Florida Constitution) and federal law (42 U.S.C. § 1983 and RLUIPA) for violation of his rights under the First Amendment and RLUIPA. (Docs. 9, 11). The case was remanded to the undersigned for further pre-trial proceedings, including the issuance of a report and recommendation on defendants' motion to dismiss. (Doc. 11).

Defendants move to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff's state law constitutional claims challenging the conditions of his confinement are barred by Florida's one-year statute of limitations, and plaintiff's federal claims are barred by plaintiff's failure to exhaust administrative remedies as required by 42 U.S.C. § 1997e(a). (Doc. 4).

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure12(b)(6) provides for a motion to dismiss a complaint where the complaint fails "to state a claim upon which relief can be granted." In considering a Rule 12(b)(6) motion, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle).

## DISCUSSION

### Plaintiff's State Law Claims Are Time Barred

Section 95.11, Florida Statutes, provides the limitations period for all causes of action in Florida, except for recovery of real property. *Nicarry v. Eslinger*, 990 So. 2d 661, 663 (Fla. 5th DCA 2008). The statute provides, in relevant part, that except for actions relating to prison disciplinary proceedings, "any action brought by or on

behalf of a prisoner . . . relating to the conditions of the prisoner's confinement" must be commenced within "one year" of when the action accrued. Fla. Stat. § 95.11(5)(g). The one year limitations period applies to all prisoner actions, whether isolated or ongoing, which relate to the conditions of a prisoner's confinement. *Nicarry*, 990 So. 2d at 663-65; *see also Rogers v. Judd*, F. App'x 983, 988-89 (11th Cir. 2010) ("It is clear in this case that, under *Nicarry*, [the state prisoner's] negligence claim . . . was subject to the one-year limitation period in § 95.11(5)(g), rather than the four-year statute of limitations set forth in § 95.11(3)(a)").

Plaintiff's complaint, on its face, challenges the conditions of plaintiff's confinement through discrete acts occurring between April 5, 2012, and August 8, 2012. Plaintiff did not initiate this action until August 26, 2013, the date he filed his civil complaint in state court. (Doc. 3, Ex. B, Compl. at 12).

Plaintiff's Federal Law Claims Are Barred By 42 U.S.C. § 1997e(a)

Defendants move to dismiss plaintiff's federal claims on the grounds that they are barred by the affirmative defense of plaintiff's failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a). In *Bryant v. Rich*, 530 F.3d 1368 (11th Cir. 2008), the Eleventh Circuit outlined the procedure district courts should follow when presented with a motion to dismiss for failure to exhaust administrative remedies under the Prison Litigation Reform Act ("PLRA"). The court held that the defense of failure to exhaust should be treated as a matter in abatement. *Id*. at 1374. "This means that procedurally the defense is treated 'like a defense for lack of jurisdiction,' although it is not a jurisdictional matter." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008) (*quoting Bryant*, 530 F.3d at 1374). Because exhaustion is a matter in abatement, "it should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment." *Bryant*, 530 F.3d at 1374-75 (citation and

internal quotation omitted). When motions to dismiss are based on issues not enumerated under Rule 12(b), then Rule 43(c) governs "which permits courts to hear evidence outside of the record on affidavits submitted by the parties." *Bryant*, 530 F.3d at 1377 n.16.

Deciding a motion to dismiss for failure to exhaust administrative remedies involves two steps. *Turner*, 541 F.3d at 1082. First, the court looks to the factual allegations in the defendants' motion, and those in the plaintiff's response. *Id*. If they conflict, the court accepts the plaintiff's version as true. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.*; *see also Bryant*, 530 F.3d at 1373-74. If the complaint is not subject to dismissal at the first step, "the court proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (*citing Bryant*, 530 F.3d at 1373-74, 1376). "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies." *Id*. Upon making findings on the disputed issues of fact, the court then decides whether, under those findings, the plaintiff has exhausted his available administrative remedies.

Title 42 U.S.C. § 1997e provides, in relevant part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of all available administrative remedies is a mandatory pre-condition to suit. *Booth v. Churner*, 532 U.S. 731, 739, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001); *see also Porter v. Nussle*, 534 U.S. 516, 524-25, 122 S. Ct. 983, 988, 152 L. Ed. 2d 12 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity

and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 534 U.S. at 524, 122 S. Ct. 983. Exhaustion is required whether the plaintiff seeks declaratory and injunctive relief, monetary damages, or both. *Booth, supra* at 734, 121 S. Ct. at 1825. The requirement is not subject to waiver by a court, or futility or inadequacy exceptions. *See Booth, supra* at 741 n. 6; *McCarthy v. Madigan*, 503 U.S. 140, 112 S. Ct. 1081, 117 L. Ed. 2d 291 (1992) ("Where Congress specifically mandates, exhaustion is required."); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir. 1998). Moreover, the PLRA requires "proper exhaustion," so that the agency has an opportunity to address the issues on the merits. *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378, 2387-88, 165 L. Ed. 2d 368 (2006); *see also id.*, 126 S.Ct. at 2388 ("The benefits of exhaustion can be realized only if the prison grievance system is given a fair opportunity to consider the grievance. The prison grievance system will not have such an opportunity unless the grievant complies with the system's critical procedural rules."). A court must dismiss an action if satisfied that the plaintiff failed to properly exhaust his available administrative remedies prior to filing suit. *Higginbottom v. Carter,* 223 F.3d 1259, 1261 (11th Cir. 2000); *Alexander*, 159 F.3d at 1325-26.

The grievance procedures promulgated by the DOC require an inmate to: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Office of the Secretary ("Central Office"). FLA. ADMIN. CODE r. 33-103.005 to 33-103.007; *see*

*also Parzyck v. Prison Health Servs., Inc.,* 627 F.3d 1215, 1218 (11th Cir. 2010). If an inmate is filing an emergency grievance, a grievance of reprisal, or a grievance of a sensitive nature, he may bypass use of both informal and formal grievances and begin his complaint with a direct grievance to the Central Office. FLA. ADMIN. CODE r. 33-103.007(6)(a). If the Central Office determines that the grievance does not qualify as a direct grievance, the inmate must "resubmit his or her grievance at the appropriate level." *Id.* at r. 33-103.007(6)(d).

The DOC grievance procedures establish time frames for inmates to file grievances. Pursuant to Rule 33-103.011 ("Time Frames for Inmate Grievances"), informal grievances must be received "within 20 days of when the incident or action being grieved occurred." *Id.* at r. 33-103.011(1)(a). Formal grievances must be received "no later than 15 calendar days" from either: (1) the date on which the informal grievance was responded to; or (2) the date on which the incident or action being grieved occurred if an informal grievance was not filed. *Id.* at r. 33-103.011(1)(b). Direct grievances to the Central Office must be received "within 15 calendar days" from the date on which the incident or action being grieved occurred. *Id.* at r. 33-103.011(1)(d). The procedures provide for an extension of the time frames "when it is clearly demonstrated by the inmate to the satisfaction of the reviewing authority . . . that it was not feasible to file the grievance within the relevant time periods and that the inmate made a good faith effort to file in a timely manner." *Id.* at r. 33-103.011(2).

Blackwater River Correctional Facility has fully adopted the grievance procedures defined by the Florida Administrative Code, Chapter 33-103. (Doc. 4, Ex. A, Fertitta Aff. ¶ 5.).

A.    First Amendment (Free Exercise Clause) and RLUIPA Claims

Plaintiff claims his rights under the First Amendment and RLUIPA were violated when defendant Shipman removed plaintiff from the faith-based dormitory on April 5, 2012, due to plaintiff's job assignment in the law library. (Doc. 3, Ex. B, Compl. at ¶¶ 19, 44). Plaintiff alleges he filed an informal grievance about the issue on July 19, 2012. (Doc. 3, Ex. B, Compl. at ¶ 22 and Ex. C). Plaintiff has attached a copy of his informal grievance, formal grievance, and Central Office appeal to his complaint. (Doc. 3, Ex. B, Compl. at Ex. C). Plaintiff's informal and formal grievances were denied on the merits, with plaintiff's formal grievance being denied on August 9, 2012. (*Id.*). Plaintiff's appeal to the Central Office was received in the Office of the Secretary on August 27, 2012, and returned to plaintiff without action as untimely:

> Your request for administrative appeal has been received in non-compliance with Chapter 33-103. "Appeals must be received in the Office of the Secretary within 15 calendar days of the institutional response."
>
> Chapter 33-103.006(8), F.A.C makes provisions for appeals/grievances to the Secretary to be receipted at the local institution/facility in order to facilitate your need to submit your appeal within the established time frames. Your failure to have your grievance receipted locally may have contributed to your failure to file the grievance timely.
>
> Your administrative appeal is being returned without action.

(*Id.*).[2]  Plaintiff's failure to properly exhaust his administrative remedies with respect to his First Amendment (Free Exercise Clause) and RLUIPA claims requires

---

[2]The attachments to plaintiff's complaint reveal that instead of having his appeal receipted locally, plaintiff placed his appeal in the institution's outgoing mail. (Doc. 3, Ex. B, Compl. at Ex. C, GEO/Blackwater River C.F. Outgoing Legal Mail Log).

dismissal of the claims.

  B.  First Amendment (Free Speech Clause) Claims

  Plaintiff claims his rights under the First Amendment were violated when defendant Crockett removed him from his position in the law library on July 23, 2012, in retaliation for plaintiff's having grieved his removal from the faith-based dormitory. (Doc. 3, Ex. B, Compl. ¶¶ 23, 25, 38, 43). Plaintiff alleges he grieved the incident by filing a direct grievance of reprisal to the Cental Office on July 25, 2012. (*Id.*, ¶ 26). Plaintiff has attached a copy of his direct grievance of reprisal to his complaint. (Doc. 3, Ex. B, Compl. at Ex. D). Review of plaintiff's direct grievance reveals that it was not accepted as a grievance of reprisal and was returned to plaintiff without action:

  Note: This grievance is not accepted as a grievance of reprisal.

  Your request for Administrative Remedy or Appeal has not been filed in compliance with Chapter 33-103.006, Inmate Grievance Procedure. You did not provide this office with a copy of the formal grievance filed at the institutional level as required by rule or the reason you provided for by-passing that level of the grievance procedure is not acceptable.

  Upon receipt of this response, if you are within the allowable time frames for processing a grievance, you may resubmit your grievance at your current location in compliance with Chapter 33-103, Inmate Grievance Procedure.

  Based on the foregoing information, your grievance is returned without action.

(*Id.*). Defendants assert, and plaintiff does not dispute, that plaintiff did not resubmit his grievance at the institutional level or complete any other portion of the required grievance process. (Doc. 4, Ex. A, Fertitta Aff. ¶ 10). Plaintiff's failure to properly

exhaust his administrative remedies with respect to this incident of alleged retaliation requires dismissal of this First Amendment claim.

Plaintiff also claims his rights under the First Amendment were violated when, on August 1, 2012, and August 8, 2012, defendant Crockett berated plaintiff in the presence of other officers in retaliation for plaintiff's having filed grievances. (Doc. 3, Ex. B, Compl. at ¶¶ 28, 38, 43). Defendants assert, and plaintiff does not dispute, that plaintiff did not grieve (timely or otherwise) either of these instances of retaliation. (Doc. 4, Ex. A, Fertitta Aff. ¶ 8). Plaintiff's failure to exhaust his administrative remedies with respect to these incidents requires dismissal of these First Amendment claims.

Plaintiff's final claim is that his rights under the First Amendment were violated on August 8, 2012, when defendant Subsavage harassed plaintiff in the law library for plaintiff's having filed grievances. (Doc. 3, Ex. B, Compl. at ¶¶ 29, 37, 42). Defendants assert, and plaintiff does not dispute, that plaintiff did not submit any grievances concerning Subsavage's alleged retaliation. (Doc. 4, Ex. A, Fertitta Aff. ¶ 9). Plaintiff's failure to exhaust his administrative remedies with respect to this incident requires dismissal of plaintiff's First Amendment claim.

## CONCLUSION

Defendants request that plaintiff's complaint be dismissed with prejudice. It is appropriate to dismiss all of plaintiff's state law claims with prejudice, as even a more carefully drafted complaint cannot overcome Florida's statute of limitations bar. Plaintiff's federal claims, which are being dismissed for failure to exhaust administrative remedies, should be dismissed *without prejudice*. *See Bryant*, 530 F.3d at 1368 (affirming dismissal of prisoner's claims *without prejudice* for failure to exhaust administrative remedies where prisoner failed to timely appeal denial of

one grievance, and wholly failed to grieve the remaining instances of misconduct); *see also id.* at 1376 n.12 (noting that where exhaustion is not adjudicated as part of the merits, it is unlike a defense under Rule 12(b)(6) for failure to state a claim, which is generally decided on the merits.); *see also e.g., Porter v. Sightler*, 457 F. App'x 880 (11th Cir. 2012) (affirming dismissal of complaint *without prejudice* for failure to exhaust administrative remedies, where prisoner untimely filed informal grievance); *Miller v. Pryor*, 315 F. App'x 149 (11th Cir. 2008) (affirming dismissal of complaint *without prejudice* for failure to exhaust administrative remedies).

Accordingly, it is respectfully RECOMMENDED:

1. That defendant's Motion to Dismiss with Prejudice (doc. 4) be GRANTED to the following extent:

> a. Plaintiff's state law claims against the defendants should be DISMISSED WITH PREJUDICE for failure to state a claim on which relief may be granted (barred by Florida's statute of limitations).

> b. Plaintiff's federal law claims should be DISMISSED WITHOUT PREJUDICE for failure to state a claim on which relief may be granted (failure to exhaust administrative remedies).

2. That the clerk be directed to close the file.

At Pensacola, Florida this 23rd day of December, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).