UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANIBAL SAN ANTONIO,

      Plaintiff,

v.                                   Case No. 3:13cv528/RV/CJK

MARK HENRY, et al.,

      Defendants.

_____/

<u>REPORT AND RECOMMENDATION</u>

This prisoner case is before the court upon the Eleventh Circuit's order (doc. 24) and mandate (doc. 26), affirming in part and reversing in part this court's prior order dismissing the case. In accordance with the remand, the parties have briefed the issue of whether plaintiff's RLUIPA claim is moot (docs. 29, 30, 34). In addition, defendants Henry and Shipman[1] have moved to dismiss plaintiff's RLUIPA and First Amendment claims for failure to state a claim (doc. 29). The court provided plaintiff an opportunity to respond to defendants' motion to dismiss (doc. 31). Plaintiff's response deadline, which was extended to November 2, 2015, has passed with no

_____

[1] The Eleventh Circuit affirmed the dismissal of plaintiff's claims against all other defendants.

filing (*see* docs. 35, 36).  The matter has been referred to the undersigned magistrate judge for report and recommendation (doc. 27).  After careful consideration, the undersigned concludes that plaintiff's RLUIPA claim arising from his removal from the faith and character based dormitory at Blackwater River Correctional Facility should be dismissed as moot and, alternatively, for failure to state a claim on which relief can be granted.  The undersigned further concludes that plaintiff's First Amendment claim arising from the same incident should be dismissed for failure to state a claim.  As these rulings dispose of the only claims surviving plaintiff's appeal, this case should be closed.

BACKGROUND AND PROCEDURAL HISTORY

The relevant procedural history framing the proceedings on remand is as follows.  Plaintiff initiated this case by filing a complaint in the Circuit Court for Santa Rosa County, Florida, claiming that the defendants violated his rights under Florida state law, the First Amendment of the United States Constitution, and the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc *et. seq.* ("RLUIPA"), in April of 2012 (doc. 3, Ex. B, Compl.).  Plaintiff's complaint names four defendants, all prison officials at Blackwater River Correctional Facility ("Blackwater CF"): Warden Mark Henry, Programs Warden Richard Subsavage, Head Classification Officer Jason Crockett and Senior Chaplain Mark Shipman.

Plaintiff sues the defendants in their official and individual capacities (doc. 3, Ex. B, Compl. ¶¶ 5-8). Plaintiff's claims arise from these four events occurring between April and August 2012, at Blackwater CF:

1.   Plaintiff's removal from the facility's faith and character based dormitory by defendant Shipman on April 5, 2012 (doc. 3, ex. B, Compl. at ¶¶ 13-14, 16-22, 34-35, 29);

2.   Plaintiff's removal from his job assignment of Inmate Law Clerk by defendant Crockett on July 23, 2012 (Compl. at ¶¶ 23-26, 33);

3.   Defendant Crockett's alleged retaliation against plaintiff (berating him) on August 1, 2012, and August 8, 2012 (Compl. at ¶¶ 28, 30); and

4.   Defendant Subsavage's alleged unlawful reading of plaintiff's legal documents (Compl. at ¶ 29).

Defendants removed the case to this court on October 1, 2013, on the basis of federal question jurisdiction. On January 2, 2014, this court entered a final order and judgment dismissing plaintiff's state-law claims as time-barred, and dismissing plaintiff's federal-law claims for plaintiff's failure to exhaust administrative remedies (docs. 12, 14, 15). Plaintiff appealed the dismissal of certain federal-law claims.[2] (Doc. 24; Doc. 29, Ex. A). By opinion filed July 9, 2015, the Eleventh Circuit affirmed the dismissal of the "Law Clerk Claim", vacated the dismissal of the

---

2Plaintiff appealed the dismissal of his RLUIPA and First Amendment free exercise claims arising from defendant Shipman removing him from the faith-based dormitory and defendant Crockett removing him from his job assignment. Plaintiff did not appeal the dismissal of his state-law claims or his First Amendment retaliation/harassment claims against defendants Crockett and Subsavage for berating him and reading his legal documents. (*See* Doc. 24; Doc. 29, Ex. A).

"Dormitory Claims" and remanded the Dormitory Claims for further proceedings. (Doc. 24). Plaintiff's Dormitory Claims arise from defendant Shipman's removal of plaintiff from the faith and character based dormitory at Blackwater CF on April 5, 2012. Plaintiff claims that Shipman's action deprived him of his religious-freedom and religious-expression rights under the First Amendment of the United States Constitution and RLUIPA. The Eleventh Circuit determined, upon defendants' concession, that this court erred in concluding that plaintiff untimely filed his appeal of the Dormitory Claims to the Central Office. The Eleventh Circuit directed:

> The district court should determine in the first instance whether the RLUIPA claim is moot. And, because the district court disposed of both of the Dormitory claims solely on a failure-to-exhaust basis, it has not considered the merits of either the RLUIPA or the First Amendment claim. We, therefore, remand the Dormitory Claims for further proceedings.

(Doc. 24, p. 8). Thus, the only claims at issue on remand are the RLUIPA and First Amendment (Free Exercise Clause) claims against defendants Henry and Shipman arising from Shipman's removing plaintiff from the faith and character based dormitory at Blackwater CF.

On September 8, 2015, defendants Henry and Shipman filed a brief on the mootness issue, arguing that plaintiff's RLUIPA claim for declaratory and injunctive relief is moot in light of plaintiff's transfer to another facility outside the control of defendants Henry and Shipman (doc. 29, pp. 2, 4-5). Defendants also move to

dismiss plaintiff's RLUIPA and First Amendment claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the grounds that plaintiff's complaint does not allege any facts demonstrating or supporting that a "substantial burden" has been placed on his exercise of religion (doc. 29, pp. 2-3, 6-9).  Defendants argue further with regard to plaintiff's First Amendment claim that any defendant other than Shipman must be dismissed on the alternative basis that 42 U.S.C. § 1983 does not recognize claims of *respondeat superior* and plaintiff does not allege that any defendant other than Shipman participated in his removal from the faith-based dormitory (doc. 29, pp. 3, 9-10).

Plaintiff responds that his RLUIPA claim for declaratory and injunctive relief is moot in light of his transfer (doc. 30).  Plaintiff goes on to argue that his claims for compensatory and punitive damages are barred by 42 U.S.C. § 1997e(e), because he suffered no physical injury, but that nominal damages are not barred by § 1997e(e). Plaintiff does not respond to defendants' assertion that his complaint fails to state a claim under RLUIPA or the First Amendment.

Defendants reply that plaintiff cannot recover monetary damages of any kind under RLUIPA against individual defendants and, even if plaintiff could assert an official capacity claim for damages, which is doubtful because the defendants are not state officials but instead "employees of a private company", the GEO Group, Inc.,

plaintiff fails to state a claim under RLUIPA because his allegations do not raise a reasonable inference that there was any "substantial burden" on his exercise of religion (doc. 29, pp. 4-5; doc. 34).

## PLAINTIFF'S RLUIPA CLAIM IS MOOT

The Eleventh Circuit's remand provided:

> We question whether we have subject-matter jurisdiction to resolve the RLUIPA claim.  The Government states in its brief that San Antonio is no longer housed at Blackwater. (Red Brief 2, n.3).  Because the only relief San Antonio may obtain for a RLUIPA violation is declaratory and injunctive relief, *see Smith v. Allen*, 502 F.3d 1255, 1271-75 (11th Cir. 2007), *abrogated on other grounds by Sossamon v. Texas*, 131 S. Ct. 1651, 1655-1657 (2011) (abrogating the *Smith* court's holding that RLUIPA waived state sovereign immunity), San Antonio's RLUIPA claim might be moot.  The district court should determine in the first instance whether the RLUIPA claim is moot.

(Doc. 24, p. 8).

Because the Eleventh Circuit has already concluded that the <u>only</u> relief plaintiff may obtain for the alleged RLUIPA violation is declaratory and injunctive relief, the court will not address the parties' arguments concerning the availability (or lack thereof) of monetary damages on plaintiff's RLUIPA claim.

Plaintiff's claim for declaratory and injunctive relief arising from the RLUIPA-based Dormitory Claim requests immediate placement back into Blackwater CF's faith and character based dormitory (doc. 3, Ex. B, Compl, p. 10).  Plaintiff's brief on the issue of mootness concedes that he has been transferred to a different institution

and that his claims for declaratory and injunctive relief are moot (doc. 30, p. 1). Because it is undisputed that plaintiff has been transferred to a different institution, his claims for declaratory and injunctive relief under both RLUIPA and the First Amendment are moot.  *See Allen*, 502 F.3d at 1267 ("The general rule in our circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." (*citing McKinnon v. Talladega Cnty., Ala.*, , 745 F.2d 1360, 1363 (11th Cir. 1984), *and Zatler v. Wainwright*, 802 F.3d 397, 399 (11th Cir. 1986))); *Spears v. Thigpen*, 846 F.2d 1327, 1328 (11th Cir. 1988) (holding that claims regarding treatment at facility at which prisoner was no longer incarcerated were moot); *see also, e.g., Hathcock v. Cohen*, 287 F. App'x 793 (11th Cir. 2008) (affirming judgment in favor of individual defendants on plaintiff's RLUIPA claim because (1) RLUIPA does not create a private action for monetary damages, including nominal damages, against prison officials sued in their individual capacity, and (2) plaintiff's transfer to another facility rendered "moot" any remaining claim for declaratory or injunctive relief); *Rowan v. Harris*, 316 F. App'x 836 (11th Cir. 2008) (holding that since prisoner had been transferred to another prison facility and the guards against whom he sought equitable relief were no longer in a position to retaliate against him or fail to respond to his grievances, his First Amendment claim was moot).  Plaintiff does not meet the two conditions for the "capable of repetition,

yet evading review" exception to apply:  (1) the challenged action must be of too short a duration to be fully litigated prior to its cessation, <u>and</u> (2) a reasonable expectation must exist that the same complaining party will be subject to the same action again.  *Weinstein v. Bradford*, 423 U.S. 147, 149, 96 S. Ct. 347, 46 L. Ed. 2d 350 (1975).

Plaintiff's RLUIPA claim is moot, and the court lacks subject matter jurisdiction to consider it.  The same conclusion applies to plaintiff's request for declaratory and injunctive relief arising from the alleged violation of his First Amendment rights.

## PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM UNDER RLUIPA OR THE FIRST AMENDMENT'S FREE EXERCISE CLAUSE

Defendants assert that regardless of the relief plaintiff seeks, his Dormitory Claims under RLUIPA and the Free Exercise Clause of the First Amendment should be dismissed under Fed. R. Civ. P. 12(b)(6), because plaintiff's complaint fails to state a plausible claim for relief under either law.

A complaint, or any claim therein,  is subject to dismissal under Rule 12(b)(6) when the allegations fail to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In applying this standard, the court accepts all <u>well-pleaded</u> factual allegations in the complaint as true and evaluates all <u>reasonable</u> inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*,

29 F.3d 1480, 1483 (11th Cir. 1994); *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting  Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009))); *see also Randall v. Scott*, 610 F.3d 710, 709-10 (11th Cir. 2010) (holding that a district court determining whether to dismiss a complaint for failure to state a claim "shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."); *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Iqbal*, 556 U.S. at 678 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 566 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570. "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006).

"Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348, 107 S. Ct. 2400, 96 L. Ed. 2d 282 (1987) (internal citations omitted). This right is not absolute, however, nor is it as expansive as the right enjoyed by persons in free society. *Id.*; *Hakim v. Hicks*, 223 F.3d 1244, 1247 (11th Cir. 2000). Although prisoners cannot always be fully accommodated for the needs of their religious faith, they are entitled to "reasonable opportunities . . . to exercise the religious freedom guaranteed by the First and Fourteenth Amendments without fear of penalty." *Cruz v. Beto*, 405 U.S. 319, 322 n. 2, 92 S. Ct. 1079, 31 L. Ed. 2d 263 (1972). "[A] complaint fails to state a Free Exercise claim," however, "if

it does not allege that (1) the plaintiff holds a belief, not a preference, that is sincerely held and religious in nature, not merely secular; and (2) the law at issue in some way impacts the plaintiff's ability to either hold that belief or act pursuant to that belief." *GeorgiaCarry.Org. Inc. v. Georgia*, 687 F.3d 1244, 1256-57 (11th Cir. 2012).

Here, plaintiff asserts that his free exercise rights were violated, but he does not allege any impact that his removal from the faith-based dormitory had on his ability to hold his religious beliefs or act pursuant to them.  Plaintiff merely asserts that he was removed from the faith and character based dormitory due to his job assignment (doc. 3, Ex. B, Compl. at ¶ 19, 34, 35, 39), and that this violated his rights under RLUIPA and the First Amendment (*id*. at ¶ 44).  In the absence of any allegation that plaintiff was actually hindered from holding his religious beliefs or acting pursuant to them, plaintiff fails to state a free exercise claim.  *See GeorgiaCarry.Org. Inc*., 687 F.3d at 1256-57; *see also, e.g., Finn v. Medlin*, No. CV 313-026, 2013 WL 5574419, at *4 (S.D. Ga. Oct. 8, 2013) (prisoner-plaintiff who was not allowed to live in the "faith-based" dormitory of his institution failed to allege a constitutional deprivation when he did not allege any impact on his ability to hold his religious beliefs or act pursuant to them); *Byrd v. L.C.S. Corr. Servs., Inc*., 07-0029, 2007 WL 2156583, at *11-12 (W.D. La. Apr. 27, 2007) (concluding that prisoner-plaintiff failed to state a free exercise claim based on prison's failure to provide a "faith-based honor dorm",

when he did not allege he had been deprived of other means of religious expression or that his right to worship had been curtailed in any way by prison officials).

Plaintiff similarly fails to state a claim under RLUIPA, which prohibits state programs that receive federal funding from imposing a substantial burden on the religious exercise of an inmate unless the burden is in furtherance of a compelling government interest and is the least restrictive means of furthering that interest.  42 U.S.C. § 2000cc–1.  "To establish a *prima facie* case under section 3 of RLUIPA, a plaintiff must demonstrate '1) that he engaged in a religious exercise; and 2) that the religious exercise was substantially burdened.'"  *Gardner v. Riska*. 444 F. App'x 353, 354-55 (11th Cir. 2011) (*quoting Allen*, 502 F.3d at 1276); *see also Holt v. Hobbs*, — U.S. —, 135 S. Ct. 853, 862, 190 L. Ed. 2d 747 (2015) (emphasizing that the plaintiff bears the initial burden of proving that the challenged act "implicates his religious exercise" and "substantially burden[s] that exercise of religion").  "[T]he word 'substantial' in the statutory phrase 'substantial burden' . . . must, at a minimum, be construed as requiring something more than solely the denial of a request that is sincere."  *Smith*, 502 F.3d at 1278.  A substantial burden is something more than an "incidental effect" or an "inconvenience" on a religious exercise.  *Midrash Sephardi, Inc. v. Town of Surfside*, 366 F.3d 1214, 1227 (11th Cir. 2004).  Rather, "a 'substantial burden' is akin to significant pressure which directly coerces the religious

adherent to conform his or her behavior accordingly." *Midrash Sephardi. Inc.*, 366 F.3d at 1227; *see also Adkins v. Kaspar*, 393 F.3d 559, 570 (5th Cir. 2004) (a "substantial burden" under RLUIPA is one which "truly pressures the adherent to significantly modify his religious behavior and significantly violate his religious beliefs.").

Here, plaintiff does not allege any impact, much less a substantial burden, on his exercise of religion for purposes of RLUIPA. Plaintiff does not allege he was forced to forego any religious precepts or violate his religious beliefs and, as discussed above, he has not alleged even an incidental burden on his ability to practice his religion by not being able to live in a faith-based dormitory let alone a substantial burden. Far from doing this, plaintiff merely expresses a preference for where he would like to be housed while serving his prison sentence, and then disguises that preference as a free exercise claim. Plaintiff's conclusory assertion that his rights under RLUIPA were violated by defendant Shipman's removing him from the faith-based dormitory is insufficient to survive dismissal. *See Finn*, 2013 WL 5574419, at *5 (prisoner-plaintiff who was not allowed to live in the "faith-based" dormitory failed to state a claim under RLUIPA where he did not allege he was forced to forego any religious precepts or violate his religious beliefs, nor did he allege even

an incidental, much less a substantial, burden on his ability to practice his religion by not being able to live in a "faith-based" dorm).

As plaintiff's complaint fails to state a claim under RLUIPA or the Free Exercise Clause of the First Amendment, they (i.e., the Dormitory Claims) are subject to dismissal under Rule 12(b)(6).

Accordingly, it is respectfully RECOMMENDED:

1. That defendants' motion to dismiss (doc. 29) be GRANTED.

2. That plaintiff's RLUIPA claim based on defendant Shipman's removing him from the faith and character based dormitory at Blackwater CF be DISMISSED for lack of subject matter jurisdiction as moot, or, in the alternative, for failure to state a claim on which relief can be granted.

3. That plaintiff's First Amendment Free Exercise Claim based on defendant Shipman's removing him from the faith and character based dormitory at Blackwater CF be DISMISSED for failure to state a claim on which relief can be granted.

4. That the clerk be directed to close the file.

At Pensacola, Florida this 18th day of December, 2015.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.   A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.